1
2
3
4
5
6              UNITED STATES DISTRICT COURT
7                   DISTRICT OF NEVADA
8                          * * *
9  UNITED STATES OF AMERICA,          | Case No. 3:13-cr-00119-MMD-VPC
10                        Plaintiff,   |            ORDER
    v.
11
   GURDEEP SINGH, aka "Bobby,"
12
                          Defendant.
13

Before the Court is Defendant Gurdeep Singh's motion for early termination of supervised release. (ECF No. 39.) The government opposes Singh's motion (ECF No. 41.)

Singh pled guilty to one count of possession with intent to distribute a controlled substance analogue in violation of 21 U.C.S. §§ 813, 841(a)(1), and (b)(1)(C). (ECF No. 26.) He was sentenced to fifteen (15) months followed by three (3) years of supervised release and was required to pay $4,000 fine. (ECF No. 36.) His conditions of supervised release include 200 hours of community service. (*Id.* at 4.) Singh commenced supervised release on June 29, 2016. Probation reports that Singh has paid his financial obligations, completed the 200 hours of community service and been compliant with all conditions of supervised release.

18 U.S.C. § 3583(e)(1) provides that the court may, after considering the relevant § 3553(a) factors, terminate supervise release at any time after a defendant has completed one year of supervised release. The court must be satisfied that early termination is warranted by the defendant's conduct and the interest of justice.

1    The government raises two objections. First, the government argues that the Court

2    should delay termination of supervised release until Singh has been on supervised

3    release for two years. But it is unclear to the Court as to the purpose of requiring Singh

4    to be on supervised release for two more months merely to satisfy the government's own

5    two (2) year benchmark, particularly when § 3583(e)(1) sets the minimum qualifying time

6    for early termination of supervised release at one year. Second, the government argues

7    that Singh's offense was serious. There is no question that his offense was serious.

8    However, Singh had no prior criminal history. As noted, Singh has complied with

9    conditions of supervised release, including payment of the $4,000 fine and completion of

10   200 hours of community service. Probation also reports that Singh has been employed

11   and remained active with his church and its charitable work in the community. Clearly,

12   Singh has demonstrated that he has reintegrated into the community and presents no

13   identifiable threat to public safety. Under these circumstances, the Court finds that Singh's

14   conduct and the interest of justice counsel early termination of supervised release.

15   It is therefore ordered that Defendant's motion for early termination of supervised

16   release (ECF No. 39) is granted.

17   DATED THIS 10th day of April 2018.

19   MIRANDA M. DU
     UNITED STATES DISTRICT JUDGE